and we'll hear from Mr. Sandford and Mr. Johnson. Good morning. May it please the Court. Dean Sandford here on behalf of Mr. Vargas-Ortega. The dispute in this case boils down to the right way to read a single paragraph of the District Court's Statement of Sentencing. And the question is whether or not the Court viewed 3553A to bar it from considering Mr. Vargas' family circumstances. That paragraph makes clear that it did. The Court started by saying it, quote, does not consider his family circumstances. It says that for several reasons, but it only gives one. And that's that, in the Court's view, family circumstances are, quote, not a factor or an objective under 18 U.S.C. 3553A. The Court goes on to describe family circumstances that vary from positive to negative. She singles out his situation as a positive one, but says no matter, because family ties, quote, do not bear upon any of the sentencing objectives or sentencing factors. But she specifically stated that she considered the history and characteristics of the individual. She did say she did that, but in her view, family ties do not fall under that category. She says that family ties are not, do not bear upon. In her opinion, they don't result in a reduction of what the sentence might otherwise be. Just because you're a good dad doesn't mean you should get 10 months instead of 11. Absolutely not, and we're not arguing that, but she doesn't just say I'm not giving it weight in your case. She's saying family ties do not bear upon the sentencing factors or objectives. So, yes, she does say I'm looking at A1, I'm looking at history and characteristics, but in her view, history and characteristics as a categorical matter in any case, whether they're good, whether they're bad, aren't relevant under that factor, and that's a legal error. That's a misinterpretation of 3553A. Is what Judge Krieger said susceptible of either interpretation? In other words, is it reasonably susceptible of an interpretation that she was simply not going to view family circumstances as relevant to a variant, a downward variance in this case? And in another, maybe not equally susceptible inference, that she, as you posit, that she could not. In other words, is what she said ambiguous? I don't think it is ambiguous, because what she says is that family circumstances are not a factor or objective under the statute. There's nothing case specific about that. I'm not going to give it weight in your case. That's saying this is not something that 3553A allows me to consider. And she repeats it again at the end of that paragraph. She says that family ties, quote, do not bear upon any sentencing objectives or sentencing factors. She's not pointing to anything in his case that says, well, in your case, I'm not doing it. She's saying it's not relevant under the statute. It's just, I guess, what's ambiguous to me is she does make that statement twice, but it's almost as though she's saying, almost like as a matter of personal preference, I don't do this. Here's why. Because some defendants are fortunate to have loving families. Others aren't so fortunate. Some defendants have loving families in ways that are destructive. She kind of goes on. It's almost as though she's saying, I just don't look at this. Here's why. Well, I read it differently. And I see her saying that here's the universe of family circumstances. Yours fall on the positive end, but it doesn't matter because I can't consider that under the statute. It doesn't bear upon the sentencing factors. So I think that her giving these examples is her way of saying they may be good, they may be bad. Yours happen to be good, but it's not relevant because 3553A doesn't allow me to consider it. Aren't we in our – did you even argue for plain air? You didn't object, right? We did object. No, we didn't object to the hearing. You didn't object to her. But we filed a motion pre-trial that said, we want you to vary for family circumstances. We identified the subsection of the statute that authorized it, which was A1. And then it all took place under a heading that said, Mr. Vargas Ortega's personal history and characteristics warrant a downward variance. That's clearly putting the court on notice of the defense position that here's his family ties. They're relevant under sentencing. But it doesn't – it didn't put the court on notice that when – if she truly was saying that she didn't think that that was something she could consider, you didn't then object to that. Well, that's true. But all Rule 51 requires is that we make our position known to the judge. We made our position – Excuse me. Is there any requirement that the court must give weight to everything that the defense suggests? Absolutely not. And that's not what we're arguing. If what Judge Krieger had said was, I recognize this is a legitimate factor under the statute, but I'm not giving it weight in your case, we would not be here. But that's not what she said. Going back to preservation, I'd also like to point out that there's a case that's on point that we did not cite in our briefs. I apologize for that. I know Mr. Johnson is aware of it because it came up in a very similar case. Lopez-Ottoline. You're right. Lopez – yeah, right. That's the case. And it's materially – Yeah, give us a 28-J. I will give you a 28-J. I'll do that when I get back to the office. But it's – but just – let me just say briefly, it's materially identical. The only difference is that the grounds for the variance was life of fast track and not family ties. But this court – That's a huge difference. It's not a huge difference in terms of preservation. Because the argument that was made in the – Preservation. Yeah, in terms of preservation. Because the argument that was made, what this court said was a motion for a variance that raised this as a basis was sufficient to preserve a claim that the court aired when it said it couldn't consider it. Because the motion itself put the court on notice. So I will provide a 28-J letter, but – Let me play devil's advocate here with Lopez-Ottoline. Sure. In my recollection, in that case, the district judge unambiguously said that we, the District Court of Colorado, cannot grant a downward variance based on the unavailability of a fast track program in our district. And I know you earlier said that what Judge Krieger said in our case is ambiguous. But one thing that Judge Krieger did in this case that was a little unusual, at least for me, was she began by not saying, this is the sentence that I'm going to impose. She said, this is the sentence I intend to impose. Much like some judges in our circuit announce a tentative sentence. Right. And so she went through this litany, and then she said, does anybody have any objections? Did she use the word clarification? And your side said no. And so if we decide that what Judge Krieger said is susceptible of an interpretation, as you put it, that she thought she could not vary downward, and it was also reasonably susceptible of an interpretation that she was opting not to vary downward based on a family circumstance, I don't know if it bears on a distinction between a Lopez-Avila or simply a substation of the fact that she didn't abuse her discretion, but it just seems counterintuitive that she could be reversed based on an unambiguous explanation. I mean, based on an ambiguous explanation when she invited counsel to clarify and everybody said no. Right. I think I have two responses to that. I think that the first is that I don't think she was being ambiguous. I think she clearly said this doesn't bear on the factors, period, in any case. Second, as it kind of maybe more relates to preservation, what she said at the end, are there any objections? A district court can't impose additional hurdles to preservation that Rule 51 doesn't require. And all Rule 51 requires is that you make your position known to the judge, which counsel did in the pre-trial plea. So I don't think that's really a basis to distinguish Lopez-Avila because whatever the district court can't, like I just said, just can't impose these additional hurdles. But she has announced it tentatively, which one could read when she says, I intend to impose. Yes, she says that at the beginning, but then she just morphs right into the sentencing. There's not like there's a break there. You know, she says, I intend to impose this. She goes through the prison sentence, goes through the supervisory release, goes through the conditions, not imposing a fine, blah, blah, blah. The whole thing just ends up as a final sentencing. And when she's done with these couple of pages where she starts by intending to impose a sentence, she has, in fact, imposed the sentence. And that's the end of the hearing. So I don't think it's one of these cases where a judge says, here's my tentative sentence. Counsel, tell me why I'm wrong. That's not how the sentencing went. And I know I have seen records where district judges do do it that way. If I could just talk briefly about harmless errors. So our position, of course, is that this error is preserved. That would make it a burden on the government to prove harmlessness. And they'd have to show there's no reasonable probability that if Judge Krieger hadn't made this error that she wouldn't have given him a lower sentence. I think the record shows the opposite. Judge Krieger recognized that on the spectrum of people's family situations, Mr. Vargas was on the right side. He was a responsible father. He was a hardworking person who supported his family. She recognized all that. And had she realized she could consider that and she didn't think she could, it may well have resulted in a lower sentence. Mr. Sabre, let me ask you a question. And forgive me because I don't think this is addressed in any of the briefing. Sure. As I recall, the guidelines specifically say that family responsibilities is a discouraged factor for a departure. That's right. And we're not talking about a departure here. But we also have published Ten Circuit cases that say that family responsibilities are something that is common to every criminal defendant. And that those are generally not pertinent to sentencing factors under 3553. Well, I understand the court's case law to say something a little bit different. And the case that we cited, Munoz-Nava, says, yeah, under the guidelines, the family circumstances discouraged is a basis for departure. But after Gall, we're operating in a different world. 3553A is much broader. And Munoz-Nava holds that family circumstances are a proper consideration under 3553A. And, in fact, affirms a very substantial downward variance that was based largely on the court's view of the defendant's family situation. Now, if she had said what she said and then concluded by saying, but I'm not going to, in this case, make any allowance because of that, would your position be different? I think it would be much harder because I think really there's a line here. But in some ways, it's almost, it's, well, I don't want to say it's a thin one. But if the district court had said, I know I can consider this. I know I can consider your family. But I'm not giving it any weight in your case. We wouldn't be here. District courts are entitled to decide how much weight to give to any factor. But the statute requires them to consider the factors. And family circumstances, as this court has held, is a proper consideration under 3553A1, which was precisely the provision that defense counsel pointed the court to in her pretrial plea. Unless the court has further questions, I've reserved the remainder of my time. Thank you very much. We'll hear from Mr. Johnson. Good morning, Your Honors. May it please the Court. Michael Johnson for the United States. This Court should review appellant's family circumstances issue for plain error. For what, I'm sorry? Plain error. It should be reviewed for plain error. Well, you disagree that under Rule 51B, the federal criminal rules, that if you make the court known or if you make the issue known to the court, that you're protected, you don't have to accept anymore, you don't have to jump through any other hoops? Do you disagree with that? Rule 51 wasn't met here because the motion for variant sentence that was presented below raised an argument that is not now raised on appeal to this Court. Below in the motion for variant sentence, the appellant argued that the district court should give weight to his family circumstances, and implicit in that motion was an assumption that the district court had the authority to consider family circumstances as part of the appellant's history and characteristics. That was implicit in that motion. What more do you want? It's pretty implicit the way I saw it. But now on appeal, he's arguing, the appellant is arguing that the district court ruled that it was categorically barred from considering family circumstances. That's a completely different issue and a completely different argument than the one that was made in the motion for variance. I don't understand that. I don't understand what you just said. Particularly against the backdrop of Lopez-Avala, the defendant says, as I understand what you just said, Judge Krieger, very downward based on family responsibilities, family circumstances. The judge then says, under Mr. Sandefur's interpretation of Judge Krieger's explanation, I, Judge Krieger, cannot vary downward based on that, which is exactly what happened in Lopez-Avala. And so tell me again, what is your argument for why that's not sufficient? Why the issue is not preserved. Right. Because what's being challenged now is a procedural ruling by the district court. The appellant argues that she ruled that she was categorically barred from considering family circumstances. But that argument was, she didn't argue below in her motion that the court is not categorically barred or that the court has discretion. Isn't that kind of implicit? I mean, wouldn't that be kind of silly for the defendant to say, Judge, you should vary downward. And by the way, you have authority. You would not be categorically prohibited from doing what I'm, isn't that sort of implicit when somebody asks the judge to do something? Isn't it sort of obvious that they think that the judge has the discretion to do it? That's exactly right. And what Judge, what they're saying that Judge Krieger did at the sentencing hearing is something that was surprising, that was unexpected. Appellant cites the Bartlett decision from the Seventh Circuit, saying that that, an appellant's view suggests that Rule 51 was met. But Bartlett indicates that if the district court issues a ruling that is surprising, that it was not anticipated, that that requires a contemporaneous objection. And in the Weyermann case from this Court also, the Court indicated that where the method that was used by the district court in fashioning a sentence is under challenge. And here it's the method. And the method that the district court allegedly used, according to Appellant, was in determining that the district court was categorically barred from considering family circumstances. As to the Lopez-Avila decision. Don't those cases in that case go more towards like a procedural ground where the argument is that it didn't state the objection, that the Court didn't state the reasons. So if that's your objection, you've got to make it separately, versus here where the Court just said, well, this guideline doesn't apply, or this, your argument, I just can't, I can't even, I can't even consider your argument. But at least under Bartlett, Your Honor, that was something completely unanticipated. And that did require a contemporaneous objection. And the purpose for contemporaneous objections are to allow the district court to consider the issue, address it properly, and perhaps resolve it and avoid appellate review. Well, let's assume that the issue was preserved. Why is it a closed issue now? Why did the judge recognize, where did the judge recognize that she could do what she was being asked to do, and she refused out of just discretion? You follow me? I'm sorry, I don't, Your Honor. Okay, let's assume it's preserved. Where did the judge say she had discretion and just was not going to use it? The district court stated that she does not consider family circumstances. Right. And she set forth reasons for not considering family circumstances. Because some defendants are fortunate to have loving families. Others are not so fortunate. This is all at volume three. Of course, but first she says it's because it is not a factor or an objective under 18 U.S.C. section 3553. Right. That's the problem. Right. Why isn't that plain error? We submit that if it meets the first two prongs of the plain error test, it doesn't satisfy prong three, and that was the argument I was going to make. It doesn't satisfy prong three because whether or not the district court thought she was categorically barred from considering appellant's family circumstances, she sentenced him to 18 months in prison based in part on two important findings. First, that he shot wildly out of his window at 2 a.m. at individuals that looked to him to be attempting to steal his equipment. And secondly, she made a finding that the appellant's actions verged on assault. She also mentioned very specifically that she was very impressed with how he, you know, how he had handled his family responsibilities, and yet she felt she couldn't consider them. Right. But he was also an illegal alien, wasn't he? I'm sorry, Your Honor. He was also an undocumented alien. Yeah, that's correct. And he had been in and out of the country a couple of times. Yes. But the district court's rulings on enhancing his sentence by four levels in calculating his offense level based on her finding that he had essentially committed a felony menacing, that drove her decision. And we submit that consideration of family circumstances here wouldn't change the court's views about the nature of his actions on the evening at 2 a.m. But it might have been a mitigating circumstance. I'm sorry, Your Honor. In other words, let me ask you this question. You're saying, well, she found all of these aggravating circumstances. That's why Judge Krieger imposed such a harsh sentence. And so Mr. Sandefur's saying, well, there's this one mitigating factor that weighs heavily in his favor. There's some support for that. And you're saying, well, but there are all these aggravating circumstances. And it seems like y'all are talking past each other because his argument is, well, yeah, there are these aggravating circumstances, but there's a reasonable probability, reasonable likelihood under prong three of plain error, that if she had considered this one mitigating factor, that she might have imposed at least a week, a month less than she had otherwise imposed because she mistakenly thought she could not consider the one mitigating circumstance that the defendant was relying on. That's correct, Your Honor. But at the same time, she also said that there was a reason why she does not consider family circumstances. And so we submit that, and this reason is that some defendants have loving families. Others don't. Some behave responsibly toward their families. Others don't. So the record suggests, based on that statement, that if the matter were remanded to the district court for purposes of asking the district court to give weight to family circumstances, that she would reach the same results. She would find that, in fact, I already looked into this, and I already noted this at the earlier sentencing hearing. Well, maybe if she knew that Munoz had said that it's a relevant circumstance. A few days ago, a majority issued a case in U.S. v. Barnes and Brown saying that the judge reasonably considered family responsibilities. Maybe if she had known that she could consider that, maybe she would have given at least some weight to it. But the question is, is it – would she likely have changed her results? And we submit here that the record does suggest that any error here by the district court was harmless. The court didn't say, I am precluded from considering. The court said, I do not consider, which suggests that the court already factored in the issue of family circumstances and determined that the court would not consider family circumstances in this case. Really quickly, one last point on Lopez-Avilla, Your Honor, Avilla. In the Lopez-Avilla that this court held that Mr. Lopez preserved the issue for appellate review because, quote, it's quite apparent from the record that the issue was properly raised prior to the sentencing hearing. The judge was familiar with the argument, and the argument was addressed by the judge. This is Lopez-Avilla at pages 1217 to 1218. The record in Lopez-Avilla is not set out in detail in this court's decision, however, so we can't really compare what occurred below at the district court level in Lopez-Avilla with what occurred here. And the record here doesn't indicate that this issue was preserved. And the reasons why contemporaneous objections are appropriate apply fully in this instance. If their objection had been raised, Judge Krieger could have addressed it and resolved it. And so that's why we submit plain error review as appropriate, and we submit that under the third prong of plain error review there's no likelihood that she would have changed her opinion. If she had known she was, if she had erred in concluding that she was categorically barred from considering family circumstances. If the Court has no other questions, I would ask that the matter be affirmed. Thank you. You're from Mr. Sandifer. I'm happy to answer any questions the Court has, but I just have one point that I would like to make, and that's I think I heard Mr. Johnson say that the standard for harmless error is whether Judge Krieger likely, likely would have changed the result absent the error. That's not the standard, no matter what the standard of review is. If it's preserved, as we say it is, the government has to show that there's no reasonable probability, which the Supreme Court has said is substantially below a preponderance of the evidence. If it's plain error, and we don't think it is, the burden is just on us, and we still don't have to show a preponderance of the evidence. So I just want to kind of clear that up on the record. Unless the Court has further questions, I cede the remainder of my time. Thank you. Thank you very much. This was well presented in your briefing and argument, and I appreciate the excellent advocacy of both sides. This Court will stand in recess until further call.